J. S14005/16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| BRETT MARTIN PETERS, | : | No. 715 MDA 2015 |
| | : | |
| Appellant | : | |

Appeal from the Order Entered April 8, 2015,
in the Court of Common Pleas of York County
Criminal Division at No. CP-67-CR-0003267-1996

BEFORE:  FORD ELLIOTT, P.J.E., PANELLA, J., AND STEVENS, P.J.E.*

JUDGMENT ORDER BY FORD ELLIOTT, P.J.E.:       **FILED MARCH 08, 2016**

Brett Martin Peters appeals, ***pro se***, from the trial court's April 8, 2015 order denying his petition for expungement of his conviction of harassment from April 8, 1997.  Appellant filed a notice of appeal with the trial court on April 21, 2015, and the trial court ordered appellant to file a concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b).  Appellant failed to comply with the trial court's order, and as a result, his issue on appeal is waived.

As noted by the trial court, our supreme court has explicitly stated that a failure to produce a Rule 1925 statement will result in an appellant's issues being waived on appeal.

> Our jurisprudence is clear and well-settled, and
> firmly establishes that:  Rule 1925(b) sets out a
> simple bright-line rule, which obligates an appellant

_____

* Former Justice specially assigned to the Superior Court.

to file and serve a Rule 1925(b) statement, when so ordered; any issues not raised in a Rule 1925(b) statement will be deemed waived; the courts lack the authority to countenance deviations from the Rule's terms; the Rule's provisions are not subject to *ad hoc* exceptions or selective enforcement; appellants and their counsel are responsible for complying with the Rule's requirements; Rule 1925 violations may be raised by the appellate court *sua sponte*, and the Rule applies notwithstanding an appellee's request not to enforce it; and, if Rule 1925 is not clear as to what is required of an appellant, on-the-record actions taken by the appellant aimed at compliance may satisfy the Rule. We yet again repeat the principle first stated in [*Commonwealth v. Lord*, 719 A.2d 306, 309 (Pa. 1998)], that must be applied here: "[I]n order to preserve their claims for appellate review, [a]ppellants must comply whenever the trial court orders them to file a Statement of Matters Complained of on Appeal pursuant to Pa.R.A.P. 1925. Any issues not raised in a Pa.R.A.P. 1925(b) statement will be deemed waived."

*Commonwealth v. Hill*, 16 A.3d 484, 494 (Pa. 2011).

Moreover, even if appellant had filed a Rule 1925 statement, his brief failed to include citations to relevant statutes or case law, and, as a result, his claim would have been deemed waived for the purposes of appeal. Pa.R.A.P. 2119(b-c). *See also Commonwealth v. Janda*, 14 A.3d 147, 164 (Pa.Super. 2011); *Commonwealth v. Natividad*, 938 A.2d 310, 340 (Pa. 2007).

Appeal dismissed.

J. S14005/16

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/8/2016